UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE HEALTH AND WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNION ORGANIZATION FOR SOCIAL SERVICE,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-CV-03226-KMW-AMD<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion for Default Judgment of Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health and Welfare Fund ("Plaintiff"); and

**THE COURT OBSERVING** that on August 14, 2023, the Clerk of Court entered default against defendant Union Organization for Social Service ("Defendant") for failing to respond to Plaintiff's Complaint; and

**THE COURT FURTHER OBSERVING** that to obtain a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff must, among other things, produce sufficient proof of valid service of process and evidence establishing the Court's jurisdiction, *see Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 477 (D.N.J. 2023); and

**THE COURT FINDING** that Plaintiff has failed to carry its burden of demonstrating that Defendant has been properly served with copies of the Complaint and Summons[1];

**IT IS** this **15th** day of **April 2024** hereby

**ORDERED** as follows:

A) Plaintiff's Motion for Default Judgment (ECF No. 8) is **DENIED**;

B) The Clerk of Court's Entry of Default against Defendant is **VACATED**;

C) Plaintiff is granted leave to re-serve Defendant within ninety (90) days.

/s/ Karen M. Williams
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[1] In its Motion, Plaintiff claims that it hired a third-party agency to perform a corporate custodian search, which identified William Schiavinato as Defendant's registered agent. A copy of the agency's corporate search report, which is attached to Plaintiff's Motion, indicates a "REVOKED" status beneath Mr. Schiavinato's name, bringing into question the validity of his agency (ECF No. 8-5 at 5.) In addition, Plaintiff states that its process server left the Complaint and Summons with Mr. Schiavinato's spouse at the couples' Williamstown home (*Id.* at 7.) Even assuming that Mr. Schiavinato's agency was valid, this is not how an unincorporated association is properly served under either federal or New Jersey law. *See Trustees of Sheet Metal, Air, Rail, Transportation Workers Int'l Ass'n Loc. 27 Annuity, Health & Welfare, Educ. & Suppplemental Unemployment Funds v. Cinnaminson Mech. Contractors, Inc.*, No. 22-6068, 2024 WL 397734, at *3–*4 (D.N.J. Feb. 2, 2024) (recognizing that delivery of complaint and summons to spouse of registered agent at registered agent's home was not proper service of process under FED. R. CIV. P. 4(h)(1)(B) or N.J. CT. R. 4:4-4(a)(5)).

2